(32) Pages
SCOTT LYONS     SBN 103931
LOUIS LYONS     SBN 282499
ATTORNEY AT LAW
1010 West Main Street
Visalia, Ca 93291
Telephone: (559) 636-8122
Facsimile: (559) 636-0463

Attorney for Debtor(s)

## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br>JENNIFER SILVA | )<br>)<br>)<br>)<br>)    DC No.: SL-2<br>)<br>)<br>) Date:   November 01, 2018<br>Debtor(s)      )      Time: 9:00 a.m.<br>)      Dept.:   A<br>) Place: Courtroom 11, 5th Floor<br>)         2500 Tulare St.<br>)         Fresno, California 93721<br>) Judge: Honorable Fredrick E. Clement |

Case No: 18-13252-A-13
Chapter 13

**EXHIBITS IN SUPPORT OF DEBTOR(S) MOTION TO VALUE**

**COLLATERAL OF SN SERVICING CORPORATION, UNDER 11 U.S.C. §506(a) AND**

**(d)**

Exhibit A     **Savery Home Appraisal**

Exhibit B     **Schedule A/B**

Exhibit C     **Chapter 13 Plan**

# EXHIBIT A

Savery Appraisal Services

# INVOICE

| FROM: |
|---|
| Terri Savery |
| SAVERY APPRAISAL SERVICES, INC. |
| 1485 Jeanette Street |
| Lindsay, CA 93247 |
| www.saveryappraisals.com |
| Telephone Number: (559) 333-5900          Fax Number: |

| INVOICE NUMBER |
|---|
| 091816P |
| DATE |
| 09/25/2018 |

| TO: |
|---|
| Jennifer Silva |
| 1772 W. Julieann Avenue |
| Porterville, CA 93257 |
| Telephone Number: 559-359-4641          Fax Number: |
| Alternate Number:          E-Mail: jsilva@bankofthesierra.com |

| REFERENCE | |
|---|---|
| Internal Order #: | 091816P |
| Lender Case #: | |
| Client File #: | |
| Main File # on form: | 091816P |
| Other File # on form: | |
| Federal Tax ID: | |
| Employer ID: | 81-3073013 |

## DESCRIPTION

| | |
|---|---|
| Lender: | Client: Jennifer Silva |
| Purchaser/Borrower: Jennifer Silva | |
| Property Address: 1772 W Julieann Ave | |
| City: Porterville | |
| County: Tulare | State: CA          Zip: 93257 |
| Legal Description: Lot 45 Of Por. Meadowood Phase Three, R.M. 40-6 | |

| FEES | AMOUNT |
|---|---|
| General Purpose Residential Appraisal | 350.00 |
| | |
| **SUBTOTAL** | 350.00 |

| PAYMENTS | AMOUNT |
|---|---|
| Check #: 1071   Date: 09/24/18   Description: Paid Personal Check | 350.00 |
| Check #:   Date:   Description: | |
| Check #:   Date:   Description: | |
| **SUBTOTAL** | 350.00 |

| Please Make Check Payable to **Savery Appraisal Services**. Thank You! | **TOTAL DUE** | $ | 0.00 |
|---|---|---|---|

File No. 091816P

Jennifer Silva
1772 W. Julieann Avenue
Porterville CA, 93257

Re: Property: 1772 W Julieann Ave
    Borrower: Jennifer Silva
    Internal File No.: 091816P

In accordance with your request I have performed the appraisal on 1772 W Julieann Ave Porterville, CA 93257.

The report consists of the General Purpose Residential Appraisal Summary Report Form, a three page form that uses a combination of check lists and fill-ins supplemented by a comparable sales location map, plat map, flood map, and photographs of the subject and comparable sales used in this analysis.

The report consists of 14 pages including this page and ending with the Flood map. This report is best understood by an examination of all pages of this report. If any pages of the report is missing; the report is to be considered null & void.

The Intended User of this appraisal report is the client and her attorney. The Intended use is to evaluate the property that is the subject of this appraisal for a value estimate, subject to the stated Scope of Work, purpose of the appraisal, reporting requirements of this appraisal report form, and Definition of Market Value. No additional Intended Users are identified by the appraiser.

The purpose of this appraisal is to produce a credible opinion of the market value of the property as improved as a real property unencumbered by liens.

This report was developed for market value only; it is not intended for insurance purposes.

The use of this report for any other purposes without the written permission of the appraiser is prohibited.
For a detailed legal description of the property and the recorded easements on record, refer to the preliminary title report.

In my opinion, the estimated value of the subject as of September 25, 2018 is $248,000.

It has been a pleasure to assist you, and if I may be of further service, please do not hesitate in calling.

Sincerely,

Edward Savery AL035413

## Scope of Work

File No. 091816P

| Borrower | Jennifer Silva | | | | | |
|---|---|---|---|---|---|---|
| Property Address | 1772 W Julieann Ave | | | | | |
| City | Porterville | County | Tulare | State | CA | Zip Code 93257 |
| Lender/Client | | | | | | |

THIS APPRAISAL REPORT IS NOT AN ENGINEERING OR PROPERTY INSPECTION REPORT - Structural Problems May Be Present - The User of this report should understand that purchasing a home entails a certain amount of risk. Properties may have latent problems that are concealed or otherwise not detectable at the time of the sale or at the time it is appraised. Many properties have hidden problems or may develop structural problems after the sale. The appraisal should not be considered a report on the physical items that are a part of this property. Although the appraisal may contain information about the physical items being appraised (including their adequacy and/or condition), it should be clearly understood that this information is only used as a general guide for property valuation and is not intended to be used to evaluate the condition or adequacy of the subject property. The observed condition of the foundation, roof, exterior walls, interior walls, floors, heating systems, plumbing, insulation, electrical service and all mechanicals and construction is based on casual inspection only and no detailed inspection was made. The appraiser is not acting as a professional engineer, builder, surveyor or other inspector and qualified professionals should be consulted if there are any questions as to the condition or structural integrity of the subject property.

Comparable sales information is obtained through the local multiple listing services, local brokers, public records, Data Express, and other sources. All comparables are considered including those in competing areas which offer similar amenities to the subject property with only the most similar being used.
All sales have been reported to the appraiser as being closed. All adjustments made or omitted reflect the indicated current market trends within the subject neighborhood.

The sales comparison analysis approach is considered the most reliable indicator of value as it best reflects the actions of buyers and sellers of similar properties in the market.

The land to improvement ratio is typical to this market area.

Items such as portable spas, drapes, and other such amenities are typically considered to be personal property.
These and other items of personal property may or may not have been noted and were not considered in this appraisal nor were they given any value in the final reconciliation of the report.

An exterior visual inspection was conducted of the roof. At the time of the inspection the roof appeared to be in satisfactory condition. In addition, an interior inspection was conducted to determine if any evidence of possible leakage existed; none was found.
The appraiser is not qualified to determine the roof condition. The client's discretion is recommended as to the necessity for a professional inspection.

## Privacy Policy

File No. 091816P

| Borrower | Jennifer Silva | | | | | | |
|---|---|---|---|---|---|---|---|
| Property Address | 1772 W Julleann Ave | | | | | | |
| City | Porterville | County | Tulare | State | CA | Zip Code | 93257 |
| Lender/Client | | | | | | | |

**SAVERY APPRAISAL SERVICES, INC.** like many other providers of financial services, is now required by the Gramm-Leach-Bliley (GLB) Act to inform customers of our policies regarding the collection of nonpublic personal information during the appraisal process.

The Federal Trade Commission (FTC) has ruled that appraisers are now considered to be financial institutions. This stems, in part, from longstanding statements by Intra-Agency Federal Financial Regulators, Fannie Mae, Freddie Mac, and FHA that appraisers are considered as part of the financial institution for their participation in the lending process.

State Licensed / Certified Appraisers have been and continue to be bound by the Uniform Standards of Professional Appraisal Practice, (USPAP) and the Ethics Rule which consists of the conduct, management, confidentiality, and record keeping sections. These rules and standards are more stringent than those required by law or regulation.

**SAVERY APPRAISAL SERVICES, INC.** has always been diligent about protecting information deemed to be private or confidential in nature.

### TYPES OF NONPUBLIC PERSONAL INFORMATION COLLECTED

Nonpublic and personal information about you and your property is collected during the course of developing and completing the appraisal process. This is generally accomplished with your knowledge and approval. Nonpublic information is normally provided to our company by you or obtained by us with your authorization. The purpose of the appraisal process is to develop a credible value opinion for the client or customer. A credible assignment result is part of the requirement for successful completion of a particular real estate financial transaction or business decision.

### PARTIES TO WHOM WE DISCLOSE INFORMATION

This company does not disclose any nonpublic personal information obtained during the course of developing a property's specific value opinion except as required by law or at the direction of the client to assist in the completion of a particular financial transaction. Such nonpublic information may be disclosed to the client and any identified intended users of the specific appraisal, review, or appraisal consulting assignment. A fiduciary agreement is automatically in effect between our company and the identified client or customer and intended users per the Ethics Rule contained within the USPAP. Additionally, in all such situations, the appraiser must comply with all pertinent laws, rules, and regulations regarding the safeguarding of the analyses, conclusions, survey results, adjustments, and opinions relative to the appraisal process relative to this specific assignment.

### RECORD KEEPING REQUIREMENTS

Our agency retains work records relating to the informational services that we provide so that we are better able to assist with your professional needs and to comply with the requirements of the Ethics Rule as contained within the USPAP. In order to secure your nonpublic personal information, our agency maintains physical, electronic, and procedural safeguards to comply with our professional standards of practice and provisions of the GLB Act.

### CUSTOMERS RIGHT TO LIMIT PUBLIC DISCLOSURE OR SHARING OF NONPUBLIC PERSONAL INFORMATION

Clients / customers have the right to limit the reuse of their nonpublic personal information gathered during the course of the appraisal development process. The customer must notify this agency within a reasonable time (considered to be 30 days by the FTC) that public disclosure, or reuse of such information is prohibited except as required by applicable law, regulation, or the appraiser's Uniform Standards of Professional Appraisal Practice (USPAP).

Please feel free to call if you have any questions concerning this policy. Your privacy, our professional ethics, and the ability to provide you with a quality product or service are very important to us.

**Savery Appraisal Services**

# RESIDENTIAL APPRAISAL REPORT

File No.: 091816P

## SUBJECT

| | |
|---|---|
| Property Address: 1772 W Julieann Ave | City: Porterville    State: CA    Zip Code: 93257 |
| County: Tulare | Legal Description: Lot 45 Of Por. Meadowood Phase Three, R.M. 40-6 |

Assessor's Parcel #:  245-530-069-000

Tax Year: 2018    R.E. Taxes: $ 2,283    Special Assessments: $ 0.00    Borrower (if applicable):  Jennifer Silva

Current Owner of Record:  Jennifer Silva    Occupant: ☒ Owner  ☐ Tenant  ☐ Vacant    ☐ Manufactured Housing

Project Type:  ☐ PUD  ☐ Condominium  ☐ Cooperative  ☐ Other (describe)    HOA: $ 0    ☐ per year  ☐ per month

Market Area Name: Meadowood    Map Reference: 1682-A4    Census Tract: 0035.02

The purpose of this appraisal is to develop an opinion of:  ☒ Market Value (as defined), or  ☐ other type of value (describe)

This report reflects the following value (if not Current, see comments):  ☒ Current (the Inspection Date is the Effective Date)  ☐ Retrospective  ☐ Prospective

Approaches developed for this appraisal:  ☒ Sales Comparison Approach  ☐ Cost Approach  ☐ Income Approach  (See Reconciliation Comments and Scope of Work)

Property Rights Appraised:  ☒ Fee Simple  ☐ Leasehold  ☐ Leased Fee  ☐ Other (describe)

Intended Use:  The intended use of this report is a value estimate.

## ASSIGNMENT

Intended User(s) (by name or type):  Jennifer Silva

Client:  Jennifer Silva    Address:  1772 W. Julieann Avenue, Porterville, CA 93257

Appraiser:  Edward Savery    Address:  1485 Jeanette St, Lindsay, CA 93247-9515

## MARKET AREA DESCRIPTION

| Location: | ☒ Urban | ☐ Suburban | ☐ Rural | Predominant Occupancy | One-Unit Housing | | Present Land Use | Change in Land Use |
|---|---|---|---|---|---|---|---|---|
| Built up: | ☒ Over 75% | ☐ 25-75% | ☐ Under 25% | | PRICE $(000) | AGE (yrs) | One-Unit  98 % | ☒ Not Likely |
| Growth rate: | ☐ Rapid | ☒ Stable | ☐ Slow | ☒ Owner | | | 2-4 Unit  01 % | ☐ Likely *  ☐ In Process * |
| Property values: | ☐ Increasing | ☒ Stable | ☐ Declining | ☐ Tenant | Low  153  1 | | Multi-Unit  01 % | * To: |
| Demand/supply: | ☐ Shortage | ☒ In Balance | ☐ Over Supply | ☐ Vacant (0-5%) | High  284  50 | | Comm'l  0 % | |
| Marketing time: | ☒ Under 3 Mos. | ☐ 3-6 Mos. | ☐ Over 6 Mos. | ☐ Vacant (>5%) | Pred  225  15 | | %  | |

Market Area Boundaries, Description, and Market Conditions (including support for the above characteristics and trends):  Per Tulare County MLS, values in this market has been stable for the past 3 years. At this time there is a balance in the supply of listings in comparison with demand. Marketing time for properties in this neighborhood are 1 to 43 days per local MLS statistics. Reasonable exposure time for properties in this neighborhood is approximately: 52 days.

## SITE DESCRIPTION

Dimensions: Irregular ft    Site Area: 7,398 sf

Zoning Classification:  R1-6    Description:  Single Family Residence

Zoning Compliance:  ☒ Legal  ☐ Legal nonconforming (grandfathered)  ☐ Illegal  ☐ No zoning

Are CC&Rs applicable?  ☐ Yes ☒ No  ☐ Unknown    Have the documents been reviewed?  ☐ Yes  ☐ No    Ground Rent (if applicable)  $         /

Highest & Best Use as improved:  ☒ Present use, or  ☐ Other use (explain)

Actual Use as of Effective Date:  Single Family Residence    Use as appraised in this report:  Single Family Residence

Summary of Highest & Best Use:  The subject is a single family residence this is the highest and best use.

| Utilities | Public | Other | Provider/Description | Off-site Improvements | Type | Public | Private | Topography | Flat |
|---|---|---|---|---|---|---|---|---|---|
| Electricity | ☒ | ☐ | S.C.E | Street | Asphalt | ☒ | ☐ | Size | 7,398 |
| Gas | ☒ | ☐ | S.C.G | Curb/Gutter | Concrete | ☒ | ☐ | Shape | Irregular Corner |
| Water | ☒ | ☐ | City of Porterville | Sidewalk | Concrete | ☒ | ☐ | Drainage | Adequate |
| Sanitary Sewer | ☒ | ☐ | City of Porterville | Street Lights | Amber | ☒ | ☐ | View | N;Res; |
| Storm Sewer | ☒ | ☐ | City of Porterville | Alley | None | | | | |

Other site elements:  ☐ Inside Lot  ☒ Corner Lot  ☐ Cul de Sac  ☐ Underground Utilities  ☐ Other (describe)

FEMA Spec'l Flood Hazard Area  ☐ Yes ☒ No  FEMA Flood Zone  X    FEMA Map # 06107C1633E    FEMA Map Date  6/16/2009

Site Comments:  No apparent adverse easements, encroachments, special assessments, or slide areas were noted or reported.

## DESCRIPTION OF THE IMPROVEMENTS

| General Description | | Exterior Description | | Foundation | | Basement | ☒ None | Heating | Yes |
|---|---|---|---|---|---|---|---|---|---|
| # of Units | 1  ☐ Acc.Unit | Foundation | Slab | Slab | Yes | Area Sq. Ft. | 0 | Type | FAF |
| # of Stories | 1.0 | Exterior Walls | Stucco/Average | Crawl Space | No | % Finished | 0 | Fuel | Natural Gas |
| Type ☒ Det. | ☐ Att. ☐ | Roof Surface | Concrete Tile/Avg | Ceiling | | Walls | | | |
| Design (Style) | Ranch | Gutters & Dwnspts. | None | Sump Pump | ☐ None | Floor | | Cooling | CAC |
| ☒ Existing  ☐ Proposed ☐ Und.Cons. | | Window Type | DP Vinyl/Average | Dampness | ☐ None Noted | Outside Entry | | Central | Yes |
| Actual Age (Yrs.) | 14 | Storm/Screens | Yes/Average | Settlement | None Noted | | | Other | |
| Effective Age (Yrs.) | 7 | | | Infestation | None Noted | | | | |

| Interior Description | | Appliances | | Attic ☐ None | Amenities | | | Car Storage | ☐ None |
|---|---|---|---|---|---|---|---|---|---|
| Floors | Hardwood/Carpet | Refrigerator | ☒ | Stairs | Fireplace(s) # 1 | Woodstove(s) # 0 | | Garage  # of cars ( 5  Tot.) | |
| Walls | Drywall/Average | Range/Oven | ☒ | Drop Stair | Patio | 1Cov/2Open | | Attach. | 2 |
| Trim/Finish | Paint/Average | Disposal | ☒ | Scuttle | Deck | | | Detach. | |
| Bath Floor | Tile/Average | Dishwasher | ☒ | Doorway | Porch | Covered | | Blt-In | |
| Bath Wainscot | Tile/Average | Fan/Hood | ☒ | Floor | Fence | Wood | | Carport | |
| Doors | Wood | Microwave | ☒ | Heated | Pool | | | Driveway | 3 |
| | | Washer/Dryer | ☒ | Finished | Other | RV Parking | | Surface | Concrete |

Finished area above grade contains:  5 Rooms  3 Bedrooms  2.0 Bath(s)  1,740 Square Feet of Gross Living Area Above Grade

Additional features:  Refer to additional comments on page 3.

Describe the condition of the property (including physical, functional and external obsolescence):  C4;No updates in the prior 15 years;The subject is an average quality home in overall average condition. No major physical, functional, or external inadequacies noted during inspection. The roof appeared adequate with no signs of interior leaks.

Copyright© 2007 by a la mode, inc. This form may be reproduced unmodified without written permission, however                    acknowledged and credited.

# RESIDENTIAL APPRAISAL REPORT
File No.: 091818P

**TRANSFER HISTORY**

Data Source(s): Data Express

| 1st Prior Subject Sale/Transfer | Analysis of sale/transfer history and/or any current agreement of sale/listing: | Per Data Express, the subject had a |
|---|---|---|
| Date: 02/10/2016 | transference of ownership on 02/10/2016 for $0(Nominal/Family transaction) Rec#7713. No other sales or | |
| Price: 0 | transfers in the preceding three years were noted. | |
| Source(s): Per Data Express. | | |
| 2nd Prior Subject Sale/Transfer | | |
| Date: | | |
| Price: | | |
| Source(s): | | |

My research ☒ did ☐ did not reveal any prior sales or transfers of the subject property for the three years prior to the effective date of this appraisal.

**SALES COMPARISON APPROACH TO VALUE (if developed)** ☐ The Sales Comparison Approach was not developed for this appraisal.

| FEATURE | SUBJECT | COMPARABLE SALE # 1 | | COMPARABLE SALE # 2 | | COMPARABLE SALE # 3 | |
|---|---|---|---|---|---|---|---|
| Address | 1772 W Julieann Ave | 1712 W Julieann Ave | | 1424 N Belmont St | | 1739 W Pamela Ct | |
| | Porterville, CA 93257 | Porterville, CA 93257 | | Porterville, CA 93257 | | Porterville, CA 93257 | |
| Proximity to Subject | | 0.07 miles E | | 0.08 miles NW | | 0.11 miles NE | |
| Sale Price | $ N/A | $ | 247,000 | $ | 264,000 | $ | 250,000 |
| Sale Price/GLA | $ /sq.ft. | $ 148.17 /sq.ft. | | $ 136.65 /sq.ft. | | $ 157.04 /sq.ft. | |
| Data Source(s) | Inspection | TCBR#130440;DOM 67 | | TCBR#139173;DOM 39 | | TCBR#133772;DOM 79 | |
| Verification Source(s) | Owner | (Realtor) J. Beltran Rec #70417 | | (Realtor)J.Matthews Rec#49230 | | (Realtor) S Vera Rec #8075 | |
| VALUE ADJUSTMENTS | DESCRIPTION | DESCRIPTION | +(-) $ Adjust. | DESCRIPTION | +(-) $ Adjust. | DESCRIPTION | +(-) $ Adjust. |
| Sales or Financing | | Conventional | 0 | Conventional | 0 | Conventional | 0 |
| Concessions | 0 | None | 0 | None | 0 | None | 0 |
| Date of Sale/Time | N/A | 11/09/2017 | 0 | 09/06/2018 | 0 | 02/16/2018 | 0 |
| Rights Appraised | Fee Simple | Fee Simple | | Fee Simple | | Fee Simple | |
| Location | Urban/Average | Residential | | Residential | | Residential | |
| Site | 7,398 sf | 7,000 sf | 0 | 6,534 sf | 0 | 6,890 sf | 0 |
| View | Residential | Residential | | Residential | | Residential | |
| Design (Style) | Ranch | Ranch | | 2-Story Ranch | | Ranch | |
| Quality of Construction | Average | Average | | Average | | Average | |
| Age | 14 | 15 | 0 | 14 | 0 | 13 | -5,000 |
| Condition | Average | Average | 0 | Average | 0 | Average+ | -5,000 |
| Above Grade | Total Bdrms Baths | Total Bdrms Baths | | Total Bdrms Baths | -5,000 | Total Bdrms Baths | -5,000 |
| Room Count | 5  3  2.0 | 5  3  2.0 | 0 | 7  4  3.0 | -7,000 | 6  4  2.0 | |
| Gross Living Area | 1,740 sq.ft. | 1,667 sq.ft. | +2,600 | 1,932 sq.ft. | -6,700 | 1,592 sq.ft. | +5,200 |
| Basement & Finished | 0sf | 0sf | | 0sf | | 0sf | |
| Rooms Below Grade | | | | | | | |
| Functional Utility | Average | Average | | Average | | Average | |
| Heating/Cooling | FAF/CAC | FAF/CAC | | FAF/CAC | | FAF/CAC | |
| Energy Efficient Items | DP Windows | DP Windows | 0 | DP Windows | | DP Windows | |
| Garage/Carport | 2-Car Garage | 3-Car Garage | -5,000 | 3-Car Garage | -5,000 | 2-Car Garage | |
| Porch/Patio/Deck | C Porch/1C/2OPats | C Porch/OPat/Deck | +3,000 | C Porch/C Patio | +2,000 | C Porch/C/OPats | +1,000 |
| Fireplace | Fireplace | Fireplace | | Fireplace | | Fireplace | |
| Fence/Pool/Etc. | Fence/RVParking | Fence | +1,000 | Fence | +1,000 | Pool/Wtrfl/Spa | -14,000 |
| Built-Ins | Built-Ins | Built-Ins | | Built-Ins | | Built-Ins | |
| Net Adjustment (Total) | | ☒ + ☐ - | $ 1,600 | ☐ + ☒ - | $ -20,700 | ☐ + ☒ - | $ -17,800 |
| Adjusted Sale Price | | | | | | | |
| of Comparables | | | $ 248,600 | | $ 243,300 | | $ 232,200 |

Summary of Sales Comparison Approach    The above listed sales represent the most applicable sales available at the time of the report.
Bracketing was accomplished. Three closed sales within the past 12 months were utilized in this report. The opinion of market value falls
within the adjusted values of the closed sales utilized; however, greatest weight was given to sale 1 in this analysis as it required the least net
& gross adjustments. All adjustments were made per paired sales analysis; with the assistance of Marshall & Swift Cost Handbook. No
adjustments were made for a fireplace or lack thereof as fireplaces in this area are rarely used due to fire and EPA restrictions. No
adjustments were made for any sale concessions as sale concessions from $1,000 to $10,000 are very common in most sales in this area.
Refer to the additional comments on page 3.

The subject property is a fourteen year old average quality single story single family residence in an average urban location in overall
average condition. The subject features three bedrooms, two bathrooms, a two car garage, dual pane windows, covered porch, covered
patio, two open patios, tile fireplace, wood fencing, and RV parking. The subject also boasts the following additional amenities: plant shelves,
vaulted ceilings, art niches, an entertainment nook, office niche, and dual sinks and a water closet in the master bathroom.

The adjustments given to the comparables utilized are as follows:
Comp 1 had a smaller living area, three car garage, deck, no covered patio, only one open patio and no RV Parking.
Comp 2 had four bedrooms, three bathrooms, a larger living area, a three car garage, no open patios and no RV parking.
Comp 3 was in superior condition, with four bedrooms, a smaller living area, no RV parking, with a pool, spa and waterfall.

**Indicated Value by Sales Comparison Approach $** 248,000

Copyright© 2007 by a la mode, inc. This form may be reproduced unmodified without written permission, however a la mode, inc. must be acknowledged and credited.

**GP RESIDENTIAL**

Form GPRES2 - "TOTAL" appraisal software by a la mode, inc. - 1-800-ALAMODE

Serial# C7968DF1
esign.alamode.com/verify     3/2007

# RESIDENTIAL APPRAISAL REPORT

File No.: 091816P

| COST APPROACH TO VALUE (if developed) | ☒ The Cost Approach was not developed for this appraisal. |

Provide adequate information for replication of the following cost figures and calculations.

Support for the opinion of site value (summary of comparable land sales or other methods for estimating site value):

**COST APPROACH**

| ESTIMATED ☐ REPRODUCTION OR ☐ REPLACEMENT COST NEW | | OPINION OF SITE VALUE | | =$ |
|---|---|---|---|---|
| Source of cost data: | | DWELLING | Sq.Ft. @ $ | =$ |
| Quality rating from cost service: | Effective date of cost data: | | Sq.Ft. @ $ | =$ |
| Comments on Cost Approach (gross living area calculations, depreciation, etc.): | | | Sq.Ft. @ $ | =$ |
| | | | Sq.Ft. @ $ | =$ |
| | | | Sq.Ft. @ $ | =$ |
| | | Amenities | | =$ |
| | | Garage/Carport | Sq.Ft. @ $ | =$ |
| | | Total Estimate of Cost-New | | =$ |
| | | Less    Physical    Functional    External | | =$ |
| | | Depreciation | | =$( ) |
| | | Depreciated Cost of Improvements | | =$ |
| | | "As-is" Value of Site Improvements | | =$ |
| | | | | =$ |
| | | | | =$ |
| Estimated Remaining Economic Life (if required): | Years | INDICATED VALUE BY COST APPROACH | | =$ |

**INCOME APPROACH**

| INCOME APPROACH TO VALUE (if developed) | ☒ The Income Approach was not developed for this appraisal. |
|---|---|
| Estimated Monthly Market Rent $ | X Gross Rent Multiplier    = $    Indicated Value by Income Approach |

Summary of Income Approach (including support for market rent and GRM):

**PUD**

| PROJECT INFORMATION FOR PUDs (if applicable) | ☐ The Subject is part of a Planned Unit Development. |

Legal Name of Project:

Describe common elements and recreational facilities:

**RECONCILIATION**

| Indicated Value by: Sales Comparison Approach $    248,000    Cost Approach (if developed) $    Income Approach (if developed) $ |

Final Reconciliation    The market analysis was considered to be the most applicable approach to value in this report. The appraiser searched Data Express, MLS, and other sources for the most applicable sales available at the time of the report. The above listed sales are the best available.

This appraisal is made ☒ "as is",   ☐ subject to completion per plans and specifications on the basis of a Hypothetical Condition that the improvements have been completed,   ☐ subject to the following repairs or alterations on the basis of a Hypothetical Condition that the repairs or alterations have been completed,   ☐ subject to the following required inspection based on the Extraordinary Assumption that the condition or deficiency does not require alteration or repair:    The intended user of this appraisal report is the client. The intended use of this appraisal report is for the client to evaluate the property that is the subject of this appraisal for a value estimate.

☐ This report is also subject to other Hypothetical Conditions and/or Extraordinary Assumptions as specified in the attached addenda.

Based on the degree of inspection of the subject property, as indicated below, defined Scope of Work, Statement of Assumptions and Limiting Conditions, and Appraiser's Certifications, my (our) Opinion of the Market Value (or other specified value, such as defined herein, of the real property that is the subject of this report is: $    248,000    , as of:    09/25/2018    , which is the effective date of this appraisal. If indicated above, this Opinion of Value is subject to Hypothetical Conditions and/or Extraordinary Assumptions included in this report.    See attached addenda.

**ATTACHMENTS**

A true and complete copy of this report contains    15    pages, including exhibits which are considered an integral part of the report. This appraisal report may not be properly understood without reference to the information contained in the complete report.

Attached Exhibits:

☒ Scope of Work          ☒ Limiting Cond./Certifications    ☐ Narrative Addendum    ☒ Photograph Addenda    ☒ Sketch Addendum
☒ Map Addenda            ☐ Additional Sales                ☐ Cost Addendum        ☒ Flood Addendum       ☐ Manuf. House Addendum
☐ Hypothetical Conditions ☐ Extraordinary Assumptions

Client Contact:    Jennifer Silva          Client Name:    Jennifer Silva
E-Mail:   jsilva@bankofthesierra.com       Address:    1772 W. Julieann Avenue, Porterville, CA 93257

**SIGNATURES**

| APPRAISER    ☐ esign.alamode.com/verify    Serial:C7968DF1 | SUPERVISORY APPRAISER (if required) or CO-APPRAISER (if applicable) |
|---|---|
| | |
| Appraiser Name:    Edward Savery | Supervisory or Co-Appraiser Name: |
| Company:    Savery Appraisal Services, Inc. | Company: |
| Phone:  (559) 544-1904    Fax: | Phone:    Fax: |
| E-Mail:   ed@saveryappraisals.com | E-Mail: |
| Date of Report (Signature):    10/01/2018 | Date of Report (Signature): |
| License or Certification #:    AL035413    State:  CA | License or Certification #:    State: |
| Designation: | Designation: |
| Expiration Date of License or Certification:    10/19/2018 | Expiration Date of License or Certification: |
| Inspection of Subject:  ☒ Interior & Exterior   ☐ Exterior Only   ☐ None | Inspection of Subject:  ☐ Interior & Exterior   ☐ Exterior Only   ☐ None |
| Date of Inspection:    09/25/2018 | Date of Inspection: |

GP RESIDENTIAL

Copyright© 2007 by a la mode, inc. This form may be reproduced unmodified without written permission, however acknowledged and credited.

Form GPRES2 - "TOTAL" appraisal software by a la mode, inc. - 1-800-ALAMODE

Serial# C7968DF1
esign.alamode.com/verify
3/2007

## Subject Photo Page

| Borrower | Jennifer Silva | | | | | |
|---|---|---|---|---|---|---|
| Property Address | 1772 W Julieann Ave | | | | | |
| City | Porterville | County | Tulare | State | CA | Zip Code 93257 |
| Lender/Client | | | | | | |



**Subject Front**

1772 W Julieann Ave
Sales Price        N/A
G.L.A.             1,740
Tot. Rooms         5
Tot. Bedrms.       3
Tot. Bathrms.      2.0
Location           Urban/Average
View               Residential
Site               7,398 sf
Quality            Average
Age                14



**Subject Rear**



**Subject Street**



Serial# C7968DF1
esign.alamode.com/verify

## Subject Photo Page

| Borrower | Jennifer Silva | | | | | | |
|---|---|---|---|---|---|---|---|
| Property Address | 1772 W Julieann Ave | | | | | | |
| City | Porterville | County | Tulare | State | CA | Zip Code | 93257 |
| Lender/Client | | | | | | | |



**Right Side View**

| | |
|---|---|
| | 1772 W Julieann Ave |
| Sales Price | N/A |
| G.L.A. | 1,740 |
| Tot. Rooms | 5 |
| Tot. Bedrms. | 3 |
| Tot. Bathrms. | 2.0 |
| Location | Urban/Average |
| View | Residential |
| Site | 7,398 sf |
| Quality | Average |
| Age | 14 |



**Left Side View**



**Dough Boy(No Value)**

# Interior Photos

| Borrower | Jennifer Silva | | | | |
|---|---|---|---|---|---|
| Property Address | 1772 W Julieann Ave | | | | |
| City | Porterville | County | Tulare | State CA | Zip Code 93257 |
| Lender/Client | | | | | |


**Living Room**


**Kitchen**


**Dining Area**


**Laundry Room**


**Office Niche**


**Master Bedroom**


**Master Bathroom**


**Master Bathroom Alt. View**


**2nd Bedroom**


**3rd Bedroom**


**Guest Bathroom**



Form PICINT12 LT - "TOTAL" appraisal software by a la mode, inc. - 1-800-ALAMODE

Serial# C7968DF1
esign.alamode.com/verify

## Comparable Photo Page

| Borrower | Jennifer Silva | | | | | | |
|---|---|---|---|---|---|---|---|
| Property Address | 1772 W Julieann Ave | | | | | | |
| City | Porterville | County | Tulare | | State | CA | Zip Code | 93257 |
| Lender/Client | | | | | | | |



### Comparable 1

**1712 W Julieann Ave**

| | |
|---|---|
| Prox. to Subject | 0.07 miles E |
| Sale Price | 247,000 |
| Gross Living Area | 1,667 |
| Total Rooms | 5 |
| Total Bedrooms | 3 |
| Total Bathrooms | 2.0 |
| Location | Residential |
| View | Residential |
| Site | 7,000 sf |
| Quality | Average |
| Age | 15 |

Original Photo



### Comparable 2

**1424 N Belmont St**

| | |
|---|---|
| Prox. to Subject | 0.08 miles NW |
| Sale Price | 264,000 |
| Gross Living Area | 1,932 |
| Total Rooms | 7 |
| Total Bedrooms | 4 |
| Total Bathrooms | 3.0 |
| Location | Residential |
| View | Residential |
| Site | 6,534 sf |
| Quality | Average |
| Age | 14 |

Original Photo



### Comparable 3

**1739 W Pamela Ct**

| | |
|---|---|
| Prox. to Subject | 0.11 miles NE |
| Sale Price | 250,000 |
| Gross Living Area | 1,592 |
| Total Rooms | 6 |
| Total Bedrooms | 4 |
| Total Bathrooms | 2.0 |
| Location | Residential |
| View | Residential |
| Site | 6,890 sf |
| Quality | Average |
| Age | 13 |

Original Photo

Serial# C7968DF1
estgn.alamode.com/verify

**Building Sketch**

| Borrower | Jennifer Silva | | | | | |
|---|---|---|---|---|---|---|
| Property Address | 1772 W Julieann Ave | | | | | |
| City | Porterville | County | Tulare | State | CA | Zip Code 93257 |
| Lender/Client | | | | | | |



## Location Map

| Borrower | Jennifer Silva | | | | | | |
|---|---|---|---|---|---|---|---|
| Property Address | 1772 W Julieann Ave | | | | | | |
| City | Porterville | County | Tulare | | State | CA | Zip Code | 93257 |
| Lender/Client | | | | | | | |



Serial# C7988DF1
esign.alamode.com/verify

## Plat Map



Serial# C7966DF1
esign.alamode.com/verify

## Flood Map

| Borrower | Jennifer Silva | | | | |
|---|---|---|---|---|---|
| Property Address | 1772 W Julieann Ave | | | | |
| City | Porterville | County | Tulare | State CA | Zip Code 93257 |
| Lender/Client | | | | | |



InterFlood by a la mode

Prepared for Savery Appraisal Services
1772 W Julieann Ave
Porterville, CA 93257

**MAP DATA**
FEMA Special Flood Hazard Area  No
Map Number: 06107C1633E
Zone: X
Map Date: June 16, 2009
FIPS: 06107

**MAP LEGEND**
☐ Areas inundated by 500-year flooding
☐ Areas inundated by 100-year flooding
☐ Velocity Hazard

⊠ Protected Areas
▨ Floodway
◯ Subject Area

Serial# C7966DF1
esign.alamode.com/verify

# EXHIBIT B

**Fill in this information to identify your case and this filing:**

| | |
|---|---|
| Debtor 1 | **Jennifer Silva** |
| | First Name     Middle Name     Last Name |
| Debtor 2 | |
| (Spouse, if filing) | First Name     Middle Name     Last Name |
| United States Bankruptcy Court for the: | EASTERN DISTRICT OF CALIFORNIA |
| Case number | |

☐ Check if this is an amended filing

## Official Form 106A/B
# Schedule A/B: Property
12/15

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:** Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In

1. **Do you own or have any legal or equitable interest in any residence, building, land, or similar property?**

☐ No. Go to Part 2.
☑ Yes. Where is the property?

| 1.1 | What is the property? Check all that apply | |
|---|---|---|
| **1772 W. Julieann Ave.** | ☑ Single-family home | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.* |
| Street address, if available, or other description | ☐ Duplex or multi-unit building | |
| | ☐ Condominium or cooperative | |
| | ☐ Manufactured or mobile home | |
| **Porterville   CA   93257-0000** | ☐ Land | Current value of the entire property?    Current value of the portion you own? |
| City    State    ZIP Code | ☐ Investment property | **$255,825.00**    **$255,825.00** |
| | ☐ Timeshare | |
| | ☐ Other | Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known. |
| **Tulare** | **Who has an interest in the property?** Check one | **Fee simple** |
| County | ☑ Debtor 1 only | |
| | ☐ Debtor 2 only | |
| | ☐ Debtor 1 and Debtor 2 only | ☐ Check if this is community property (see instructions) |
| | ☐ At least one of the debtors and another | |
| | Other information you wish to add about this item, such as local property identification number: | |
| | **APN: 245530069** | |

2. Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for pages you have attached for Part 1. Write that number here............................................=>

| **$255,825.00** |
|---|

**Part 2:** Describe Your Vehicles

**Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not?** Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

Debtor 1    *Jennifer Silva*              Case number *(if known)*

**3. Cars, vans, trucks, tractors, sport utility vehicles, motorcycles**

☐ No
■ Yes

| 3.1 | Make: | *Chevrolet* | | **Who has an interest in the property?** Check one | | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.* |
|---|---|---|---|---|---|---|

| | Model: | *Tahoe* | | ■ Debtor 1 only | |
|---|---|---|---|---|---|
| | Year: | *2016* | | ☐ Debtor 2 only | |
| | Approximate mileage: | *25,604* | | ☐ Debtor 1 and Debtor 2 only | |
| | Other information: | | | ☐ At least one of the debtors and another | |

**Current value of the entire property?**     **Current value of the portion you own?**

☐ Check if this is community property
(see instructions)

*$41,300.00*       *$41,300.00*

**4. Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories**
*Examples:* Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories

■ No
☐ Yes

**5**    **Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for pages you have attached for Part 2. Write that number here.........................................................=>**

      *$41,300.00*

---

**Part 3:   Describe Your Personal and Household Items**

Do you own or have any legal or equitable interest in any of the following items?

**Current value of the portion you own?**
Do not deduct secured claims or exemptions.

**6. Household goods and furnishings**
*Examples:* Major appliances, furniture, linens, china, kitchenware
☐ No
■ Yes.  Describe.....

| *Household Furniture* | *$3,000.00* |
|---|---|

**7. Electronics**
*Examples:* Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices including cell phones, cameras, media players, games
☐ No
■ Yes.  Describe.....

| *3 Television, 3 cell phones, computer and game console* | *$2,000.00* |
|---|---|

**8. Collectibles of value**
*Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or baseball card collections; other collections, memorabilia, collectibles
■ No
☐ Yes.  Describe.....

**9. Equipment for sports and hobbies**
*Examples:* Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and kayaks; carpentry tools; musical instruments
☐ No
■ Yes.  Describe.....

| *Elliptical* | *$200.00* |
|---|---|

---

Filed 10/03/18
Filed 08/08/18

Case 18-13252
Case 18-13252

Doc 28
Doc 1

8/08/18 4:17PM

| Debtor 1 | *Jennifer Silva* | | Case number *(if known)* | |

**10. Firearms**
*Examples:* Pistols, rifles, shotguns, ammunition, and related equipment
■ No
☐ Yes. Describe.....

**11. Clothes**
*Examples:* Everyday clothes, furs, leather coats, designer wear, shoes, accessories
☐ No
■ Yes. Describe.....

| *Family Clothing* | **$1,000.00** |

**12. Jewelry**
*Examples:* Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold, silver
☐ No
■ Yes. Describe.....

| *Wedding Ring* | **$1,000.00** |

**13. Non-farm animals**
*Examples:* Dogs, cats, birds, horses
☐ No
■ Yes. Describe.....

| *1 dog and 1 cat* | **$0.00** |

**14. Any other personal and household items you did not already list, including any health aids you did not list**
■ No
☐ Yes. Give specific information.....

**15. Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached for Part 3. Write that number here** ..........................................

**$7,200.00**

| **Part 4:** | **Describe Your Financial Assets** |

**Do you own or have any legal or equitable interest in any of the following?**

Current value of the portion you own?
Do not deduct secured claims or exemptions.

**16. Cash**
*Examples:* Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition
■ No
☐ Yes.................................................................................................

**17. Deposits of money**
*Examples:* Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar institutions. If you have multiple accounts with the same institution, list each.
☐ No
■ Yes.......................    Institution name:

| 17.1. | *Checking* | *Bank of the Sierra - Acct# 4404* | **$350.00** |
| 17.2. | *Checking* | *Bank of the Sierra - Acct#* | **$580.00** |

| Debtor 1 | **Jennifer Silva** | Case number *(if known)* |
|---|---|---|

**18. Bonds, mutual funds, or publicly traded stocks**
   *Examples:* Bond funds, investment accounts with brokerage firms, money market accounts
   ■ No
   ☐ Yes................      Institution or issuer name:

**19. Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture**
   ■ No
   ☐ Yes. Give specific information about them...................
        Name of entity:        % of ownership:

**20. Government and corporate bonds and other negotiable and non-negotiable instruments**
   *Negotiable instruments* include personal checks, cashiers' checks, promissory notes, and money orders.
   *Non-negotiable instruments* are those you cannot transfer to someone by signing or delivering them.
   ■ No
   ☐ Yes. Give specific information about them
        Issuer name:

**21. Retirement or pension accounts**
   *Examples:* Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans
   ■ No
   ☐ Yes. List each account separately.
        Type of account:        Institution name:

**22. Security deposits and prepayments**
   Your share of all unused deposits you have made so that you may continue service or use from a company
   *Examples:* Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications companies, or others
   ■ No
   ☐ Yes. ....................      Institution name or individual:

**23. Annuities** (A contract for a periodic payment of money to you, either for life or for a number of years)
   ■ No
   ☐ Yes............      Issuer name and description.

**24. Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**
   26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).
   ■ No
   ☐ Yes............      Institution name and description. Separately file the records of any interests.11 U.S.C. § 521(c):

**25. Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers exercisable for your benefit**
   ■ No
   ☐ Yes. Give specific information about them...

**26. Patents, copyrights, trademarks, trade secrets, and other intellectual property**
   *Examples:* Internet domain names, websites, proceeds from royalties and licensing agreements
   ■ No
   ☐ Yes. Give specific information about them...

**27. Licenses, franchises, and other general intangibles**
   *Examples:* Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses
   ■ No
   ☐ Yes. Give specific information about them...

**Money or property owed to you?**

**Current value of the portion you own?**
Do not deduct secured
claims or exemptions.

Filed 10/03/18
Case 18-13252
Doc 28

Filed 08/08/18
Case 18-13252
Doc 1

8/08/18 4:17PM

| Debtor 1 | *Jennifer Silva* | Case number *(if known)* | |

**28. Tax refunds owed to you**
☐ No
■ Yes. Give specific information about them, including whether you already filed the returns and the tax years.......

| | | |
|---|---|---|
| *2017 Federal and State Tax Refund* | federal and state | $4,225.00 |

**29. Family support**
*Examples:* Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement
■ No
☐ Yes. Give specific information......

**30. Other amounts someone owes you**
*Examples:* Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay, workers' compensation, Social Security benefits; unpaid loans you made to someone else
■ No
☐ Yes. Give specific information..

**31. Interests in insurance policies**
*Examples:* Health, disability, or life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance
■ No
☐ Yes. Name the insurance company of each policy and list its value.

| Company name: | Beneficiary: | Surrender or refund value: |
|---|---|---|

**32. Any interest in property that is due you from someone who has died**
If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently entitled to receive property because someone has died.
■ No
☐ Yes. Give specific information..

**33. Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**
*Examples:* Accidents, employment disputes, insurance claims, or rights to sue
■ No
☐ Yes. Describe each claim.........

**34. Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims**
■ No
☐ Yes. Describe each claim.........

**35. Any financial assets you did not already list**
☐ No
■ Yes. Give specific information..

| | | |
|---|---|---|
| *Any present and/or future tax refund, interest, income, savings, or assets not presently known* | | $17,275.00 |

**36. Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached for Part 4. Write that number here................................................................................................**

| $22,430.00 |
|---|

**Part 5:** Describe Any Business-Related Property You Own or Have an Interest In. List any real estate in Part 1.

**37. Do you own or have any legal or equitable interest in any business-related property?**
■ No. Go to Part 6.
☐ Yes. Go to line 38.

Filed 10/03/18
Filed 08/08/18

Case 18-13252
Case 18-13252

Doc 28
Doc 1

8/08/18  4:17PM

Debtor 1    *Jennifer Silva*                                    Case number *(if known)*

| Part 6: | Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest In. |
|---|---|
| | If you own or have an interest in farmland, list it in Part 1. |

46.  **Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?**

■ No. Go to Part 7.

☐ Yes. Go to line 47.

| Part 7: | Describe All Property You Own or Have an Interest in That You Did Not List Above |
|---|---|

53.  **Do you have other property of any kind you did not already list?**
*Examples:* Season tickets, country club membership

■ No

☐ Yes. Give specific information.........

54.  **Add the dollar value of all of your entries from Part 7. Write that number here** .................................. | *$0.00* |

| Part 8: | List the Totals of Each Part of this Form |
|---|---|

55.  **Part 1: Total real estate, line 2** ........................................................................................................ | | $255,825.00 |

56.  **Part 2: Total vehicles, line 5** | *$41,300.00* |

57.  **Part 3: Total personal and household items, line 15** | *$7,200.00* |

58.  **Part 4: Total financial assets, line 36** | *$22,430.00* |

59.  **Part 5: Total business-related property, line 45** | *$0.00* |

60.  **Part 6: Total farm- and fishing-related property, line 52** | *$0.00* |

61.  **Part 7: Total other property not listed, line 54** + | *$0.00* |

62.  **Total personal property. Add lines 56 through 61...** | *$70,930.00* | Copy personal property total | *$70,930.00* |

63.  **Total of all property on Schedule A/B. Add line 55 + line 62** | $326,755.00 |

# EXHIBIT C

## UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF CALIFORNIA

Name of Debtor:                      Case No.
*Jennifer Silva*

Last four digits of Soc. Sec. No.:    *xxx-xx-2136*
Last four digits of Soc. Sec. No.:

### CHAPTER 13 PLAN

#### Section 1. Notices

**1.01.**    **Use of this form is mandatory.** The Bankruptcy Court of the Eastern District of California requires the use of this local form chapter 13 plan in lieu of any national form plan.

**1.02.**    **Nonstandard provisions.** Any nonstandard provision is in section 7 below. If there are nonstandard provisions this box must be checked ☑. A nonstandard provision will be given no effect unless this section indicates one is included in section 7 and it appears in section 7.

**1.03.**    **No alterations to form plan permitted.** Other than to insert text into designated spaces, expand tables to include additional claims, or to change the plan title to indicate the date of the plan or that it is a modified plan, the preprinted text of this form shall not be altered. No such alteration will be given any effect.

**1.04.**    **Valuation of collateral and lien avoidance requires a separate motion.** The confirmation of this plan will not limit the amount of a secured claim based on a valuation of the collateral for the claim, nor will it avoid a security interest or lien. This relief requires a separate claim objection, valuation motion, or lien avoidance motion that is successfully prosecuted in connection with the confirmation of this plan.

**1.05.**    **Separate notice of confirmation hearing.** You will receive a separate notice of the date, time, and location of a hearing to confirm this plan and of the deadline to object to its confirmation. In the absence of a timely written objection, the plan may be confirmed without a hearing. It will be effective upon its confirmation.

#### Section 2. Plan Payments and Plan Duration

**2.01**    **Monthly plan payments.** To complete this plan, Debtor shall submit to the supervision and control of Trustee on a monthly basis the sum of $ *1,487.00* from future earnings. This monthly plan payment is subject to adjustment pursuant to section 3.07(b)(2) below and it must be received by Trustee not later than the 25th day of each month beginning the month after the order for relief under chapter 13. The monthly plan payment includes all adequate protection payments due on Class 2 secured claims.

**2.02.**    **Other payments.** In addition to the submission of future earnings, Debtor will make payment(s) derived from property of the bankruptcy estate, property of Debtor, or from other sources, as follows: *NONE* .

**2.03.**    **Duration of payments.** The monthly plan payments will continue for *60* months unless all allowed unsecured claims are paid in full within a shorter period of time. If necessary to complete the plan, monthly payments may continue for an additional 6 months, but in no event shall monthly payments continue for more than 60 months.

#### Section 3. Claims and Expenses

##### A. Proofs of Claim

**3.01.**    With the exception of the payments required by sections 3.03, 3.07(b), 3.10, and 4.01, a claim will not be paid pursuant to this plan unless a proof of claim is filed by or on behalf of a creditor, including a secured creditor.

**3.02.**    The proof of claim, not this plan or the schedules, shall determine the amount and classification of a claim unless the court's disposition of a claim objection, valuation motion, or lien avoidance motion affects the amount or classification of the claim.

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com           Best Case Bankruptcy

**3.03.**    Post-petition amounts due on account of a domestic support obligation, a loan from retirement or thrift savings plan, or an executory contract/unexpired lease being assumed, shall be paid by Debtor directly to the person entitled to such payments whether or not the plan is confirmed or a proof of claim has been filed.

### B. Administrative Expenses

**3.04.**    **Trustee's fees.** Pursuant to 28 U.S.C. § 586(e), Trustee shall receive up to 10% of plan payments, whether made before or after confirmation, but excluding direct payments by Debtor on Class 4 claims, executory contracts and unexpired leases, and obligations of the kind described in section 3.03.

**3.05.**    **Debtor's attorney's fees.** Debtor's attorney of record was paid $ _1,000.00_ prior to the filing of the case. Subject to prior court approval, additional fees of $ _3,000.00_ shall be paid through this plan. Debtors' attorney will seek the court's approval by [*choose one*]: ☑ complying with Local Bankruptcy Rule 2016-1(c); or ☐ filing and serving a motion in accordance with 11 U.S.C. §§ 329 and 330, Fed. R. Bankr. P. 2002, 2016, and 2017 [if neither alternative is selected, the attorney shall comply with the latter].

**3.06.**    **Administrative expenses.** In accordance with sections 5.02 and 5.03 below, $_300.00_ of each monthly plan payment shall be paid on account of: (a) compensation due a former chapter 7 trustee; (b) approved administrative expenses; and (c) approved attorney's fees. Approved administrative expenses shall be paid in full through this plan except to the extent a claimant agrees otherwise or 11 U.S.C. § 1326(b)(3)(B) is applicable.

### C. Secured Claims

**3.07.**    **Class 1 includes all delinquent secured claims that mature after the completion of this plan, including those secured by Debtor's principal residence.**

     **(a) Cure of arrears.** All arrears on Class 1 claims shall be paid in full by Trustee. The equal monthly installment specified in the table below as the "arrearage dividend" shall pay the arrears in full.

         **(1)** Unless otherwise specified below, interest will accrue at the rate of 0%.

         **(2)** The arrearage dividend must be applied by the Class I creditor to the arrears. If this plan provides for interest on the arrears, the arrearage dividend shall be applied first to such interest, then to the arrears.

     **(b) Maintaining payments.** Trustee shall maintain all post-petition monthly payments to the holder of each Class 1 claim whether or not this plan is confirmed or a proof of claim is filed.

         **(1)** Unless subpart (b)(1)(A) or (B) of this section is applicable, the amount of a post-petition monthly payment shall be the amount specified in this plan.

             **(A)** If the amount specified in the plan is incorrect, the Class 1 creditor may demand the correct amount in its proof of claim. Unless and until an objection to such proof of claim is sustained, the trustee shall pay the payment amount demanded in the proof of claim.

             **(B)** Whenever the post-petition monthly payment is adjusted in accordance with the underlying loan documentation, including changes resulting from an interest rate or escrow account adjustment, the Class 1 creditor shall give notice of the payment change pursuant to Fed. R. Bankr. P. 3002.1(b). Notice of the change shall not be given by including the change in a proof of claim. Unless and until an objection to a notice of payment change is sustained, the trustee shall pay the amount demanded in the notice of payment change.

         **(2)** If a Class 1 creditor files a proof of claim or a notice of payment change pursuant to Fed. R. Bankr. P. 3002.1(b) demanding a higher or lower post-petition monthly payment, the plan payment shall be adjusted accordingly.

         **(3)** If Debtor makes a partial plan payment that is insufficient to satisfy all post-petition monthly payments due each Class 1 claim, distributions will be made in the order such claims are listed below.

Software Copyright (c) 1996-2018 Best Case,LLC - www.bestcase.com          Best Case Bankruptcy

**(4)** Trustee will not make a partial distribution on account of a post-petition monthly payment.

**(5)** If Debtor makes a partial plan payment, or if it is not paid on time, and Trustee is unable to make timely a post-petition monthly payment, Debtor's cure of this default shall include any late charge.

**(6)** If the holder of a Class 1 claim gives Debtor and Trustee notice of post-petition fees, expenses, and charges pursuant to Fed. R. Bankr. P. 3002.1(c), Debtor shall modify this plan if Debtor wishes to provide for such fees, expenses, and charges.

**(7)** Post-petition monthly payments made by Trustee and received by the holder of a Class 1 claim shall be applied as if the claim was current and no arrearage existed on the date the case was filed.

**(c) No claim modification and lien retention.** Each Class 1 creditor shall retain its lien. Other than to cure of arrears, this plan does not modify Class 1 claims.

| Class 1 Creditor's Name/<br>Collateral Description | Amount of Arrears | Interest Rate<br>on Arrears | Arrearage<br>Dividend | Post-Petition<br>Monthly Payment |
|---|---|---|---|---|
| 1. *Bsi Financial Services / 1772 W.*<br>*Julieann Ave. Porterville, CA 93257* | *$16,772.00* | *0%* | *$335.44* | *$1,019.00* |
|  |  | Totals: *$335.44* | | *$1,019.00* |

**3.08.** **Class 2 includes all secured claims that are modified by this plan, or that have matured or will mature before the plan is completed.**

**(a) Payment of claim.** Subject to section 3.08(c), the "monthly dividend" payable to each Class 2A and 2B claim is an equal monthly payment sufficient to pay each claim in full with interest at the rate specified below. If no interest rate is specified, a 5% rate will be imputed.

**(b) Adequate protection payments.** Prior to confirmation, Trustee shall pay on account of each Class 2(A) and 2(B) claim secured by a purchase money security interest in personal property an adequate protection payment if required by section 1326(a)(1)(C). The adequate protection payment shall equal the monthly dividend. Adequate protection payments shall be disbursed by Trustee in connection with the customary month-end disbursement cycle beginning the month after the case was filed. If a Class 2 claimant is paid an adequate protection payment, that claimant shall not be paid a monthly dividend for the same month.

**(c) Claim amount.** The amount of a Class 2 claim is determined by applicable nonbankruptcy law. However, except as noted below, Debtor may reduce the claim amount to the value of the collateral securing it by filing, serving, setting for hearing, and prevailing on a motion to determine the value of that collateral. If this plan proposes to reduce a claim based upon the value of its collateral, the failure to successfully prosecute a valuation motion in conjunction with plan confirmation may result in the denial of confirmation.

**(1) Class 2 claims that cannot be reduced based on value of collateral.** Debtor is prohibited from reducing a claim if the claim holder has a purchase money security interest and the claim either was incurred within 910 days of the filing of the case and is secured by a motor vehicle acquired for the personal use of Debtor, or was incurred within 1-year of the filing of the case and is secured by any other thing of value. These claims must be included in Class 2(A).

**(2) Class 2 claims that may be reduced based on the value of their collateral** shall be included in Class 2(B) or 2(C) as is appropriate.

**(3) Class 2 claims secured by Debtor's principal residence.** Except as permitted by 11 U.S.C. § 1322(c), Debtor is prohibited from modifying the rights of a holder of a claim secured only by Debtor's principal residence.

**(d) Lien retention.** Each Class 2 creditor shall retain its existing lien until completion of the plan and, unless not required by Bankruptcy Court, entry of Debtor's discharge.

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

| Class 2 Creditor's Name and description of collateral | Purchase Money Security Interest personal property? YES/NO | Amount claimed by creditor | Value of creditor's interest in its collateral | Interest Rate | Monthly Dividend |
|---|---|---|---|---|---|
| Class 2 (A) claims not reduced based on value of collateral | | | | | |
| -NONE- | | | | | 0.00 |

| Class 2 (B) are claims reduced based on value of collateral | | | | | |
|---|---|---|---|---|---|
| -NONE- | | | | | 0.00 |

| Class 2 (C) are claims reduced to $0 based on value of collateral | | | | | |
|---|---|---|---|---|---|
| 1. SN Servicing Corporation / 1772 W. Julieann Ave. Porterville, CA 93257 | NO | $78,275.56 | 0.00 | 0.00% | 0.00 |
| | | | | Total | $0.00 |

**3.09. Class 3 includes all secured claims satisfied by the surrender of collateral.**

| Class 3 Creditor's Name/Collateral Description | Estimated Deficiency | Is Deficiency a Priority Claim? YES/NO |
|---|---|---|
| -NONE- | | |

**3.10. Class 4 includes all secured claims paid directly by Debtor or third party.** Class 4 claims mature after the completion of this plan, are not in default, and are not modified by this plan. These claims shall be paid by Debtor or a third person whether or not a proof of claim is filed or the plan is confirmed.

| Class 4 Creditor's Name/Collateral Description | Monthly Contract Installment | Person Making Payment |
|---|---|---|
| 1. Safe 1 Credit Un / 2016 Chevrolet Tahoe | $529.83 | Debtor |

**3.11. Bankruptcy stays.**

**(a)** Upon confirmation of the plan, the automatic stay of 11 U.S.C. § 362(a) and the co-debtor stay of 11 U.S.C. § 1301(a) are (1) terminated to allow the holder of a Class 3 secured claim to exercise its rights against its collateral; (2) modified to allow the holder of a Class 4 secured claim to exercise its rights against its collateral and any nondebtor in the event of a default under applicable law or contract; and (3) modified to allow the nondebtor party to an unexpired lease that is in default and rejected in section 4 of this plan to obtain possession of leased property, to dispose of it under applicable law, and to exercise its rights against any nondebtor.

**(b)** Secured claims not listed as Class 1, 2, 3, or 4 claims are not provided for by this plan. While this may be cause to terminate the automatic stay, such relief must be separately requested by the claim holder.

**(c)** If, after confirmation of the plan, the court grants a motion to terminate the automatic stay to permit a Class 1 or 2 claim holder to proceed against its collateral, unless the court orders otherwise, Trustee shall make no further payments on account of such claim and any portion of such claim not previously satisfied under this plan shall be satisfied as a Class 3 claim. Any deficiency remaining after the creditor's disposition of its collateral shall be satisfied as a Class 7 unsecured claim subject to the filing of a proof of claim.

**D. Unsecured Claims**

**3.12. Priority claims.** Class 5 consists of unsecured claims entitled to priority pursuant to 11 U.S.C. § 507, such as taxes, approved administrative expenses, and domestic support obligations.

   (a) Priority claims other than domestic support obligations will be paid in full except to the extent the claim holder has agreed to accept less. When the claim holder has agreed to accept less than payment in full, the claim holder

Software Copyright (c) 1996-2018 Best Case,LLC - www.bestcase.com     Best Case Bankruptcy

and the treatment of the claim shall be specified in section 7, the Nonstandard Provisions.

(b) Priority claims that are domestic support obligation shall be paid in full except to the extent 11 U.S.C. § 1322(a)(4) is applicable. When section 1322(a)(4) is applicable, the claim holder and the treatment of the claim shall be specified in section 7, the Nonstandard Provisions.

(c) Debtor estimates that all priority claims, not including those identified in section 7, total $*0.00*

**3.13.** **Class 6 includes designated nonpriority unsecured claims,** such as co-signed unsecured debts, that will be treated differently than the other nonpriority unsecured claims provided for in Class 7. The claim holder of each Class 6 claim and the treatment of each claim shall be specified in section 7, the Nonstandard Provisions.

**3.14.** **Class 7 consists of all other nonpriority unsecured claims** not provided for in Class 6. These claims will receive no less than a *0.00*% dividend. These claims, including the under-collateralized portion of secured claims not entitled to priority, total approximately $ *102,713.56* .

### Section 4. Executory Contracts And Unexpired Leases

**4.01.** Debtor assumes the executory contracts and unexpired leases listed below. Debtor shall pay directly to the other party to the executory contract or unexpired lease, before and after confirmation of this plan and whether or not a proof of claim is filed, all post-petition monthly payments required by the lease or contract. Unless a different treatment is required by 11 U.S.C. § 365(b)(1) and is set out in section 7, the Nonstandard Provisions, pre-petition arrears shall be paid in full. Trustee shall pay the monthly dividend specified in the table below on account of those arrears.

**4.02.** Any executory contract or unexpired lease not listed in the table below is rejected.

| Name of Other Party to Executory Contract/Unexpired Lease | Post-Petition Monthly Payment | Pre-petition Arrears | Arrearage Dividend |
|---|---|---|---|
| *-NONE-* | | | |
| | | Total $*0.00* | |

### Section 5. Payment of Claims and Order of Distribution

**5.01.** After confirmation, payments by Trustee to holders of allowed claims and approved expenses will be made monthly.

**5.02.** Distribution of plan payment.

(a) At a minimum, each monthly plan payment must be sufficient to pay in full: (i) Trustee's fees; (ii) post-petition monthly payments due on Class 1 claims; (iii) the monthly dividend specified in section 3.06 for administrative expenses; and (iv) the monthly dividends payable on account of Class 1 arrearage claims, Class 2 claims, and executory contract and unexpired lease arrearage claims.

(b) If the amount paid by Debtor is insufficient to pay all of the minimum dividends required by section 5.02(a), Trustee shall pay, to the extent possible, such fees, payments, expenses, and claims in the order specified in section 5.02(a)(i) through (iv). If the amount paid by Debtor is insufficient to pay all dividends due on account of fees, payments, expenses, and claims within a subpart of section 5.02(a), no dividend shall be paid on account of any of the fees, payments, expenses, and claims within such subpart except as permitted by section 3.07(b)(3).

(c) Each month, if funds remain after payment of all monthly dividends due on account of the fees, payments, expenses, and claims specified in section 5.02(a)(i) through (iv), the remainder shall be paid pro rata, first to holders of Class 1 arrearage claims, Class 2 claims, and executory contract and unexpired lease arrearage claims; second to Class 5 priority claims; third to Class 6 unsecured claims; and fourth to Class 7 unsecured claims.

(d) Over the plan's duration, distributions must equal the total dividends required by sections 3.04, 3.06, 3.07, 3.08, 3.12, 3.13, 3.14, and 4.01. The case may be dismissed if Debtor's plan payments are or will be insufficient

Software Copyright (c) 1996-2018 Best Case,LLC - www.bestcase.com      Best Case Bankruptcy

to pay these dividends.

**5.03.** **Priority of payment among administrative expenses.** The portion of the monthly plan payment allocated in section 3.06 for administrative expenses, shall be distributed first to any former chapter 7 trustee up to the monthly amount required by 11 U.S.C. § 1326(b)(3)B), and second to holders of approved administrative expenses on a pro rata basis.

### Section 6. Miscellaneous Provisions

**6.01.** **Vesting of property.** Property of the estate **[choose one]** shall ☐ shall not ☑ revest in Debtor upon confirmation of the plan. In the event the case is converted to a case under Chapter 7, 11, or 12 of the Bankruptcy Code or is dismissed, the property of the estate shall be determined in accordance with applicable law.

**6.02.** **Debtor's duties.** In addition to the duties imposed upon Debtor by the Bankruptcy Code, the Bankruptcy Rules, and applicable nonbankruptcy law, the court's Local Bankruptcy Rules impose additional duties on Debtor, including without limitation, obtaining prior court authorization prior to transferring property or incurring additional debt, maintaining insurance, providing Trustee copies of tax returns, W-2 forms, 1099 forms, and quarterly financial information regarding Debtor's business or financial affairs, and providing Trustee not later than the 14 days after the filing of the case with the Domestic Support Obligation Checklist for each domestic support obligation and a Class 1 Checklist and Authorization to Release Information for each Class 1 claim.

**6.03.** **Post-Petition claims.** If a proof of claim is filed and allowed for a claim of the type described in 11 U.S.C. § 1305(a), this plan may be modified to provide for such claim.

**6.04.** **Remedies upon default.** If Debtor defaults under this plan, or if the plan will not be completed within six months of its stated term, not to exceed 60 months, Trustee or any other party in interest may request appropriate relief by filing a motion and setting it for hearing pursuant to Local Bankruptcy Rule 9014-1. This relief may consist of, without limitation, dismissal of the case, conversion of the case to chapter 7, or relief from the automatic stay to pursue rights against collateral.

### Section 7. Nonstandard Provisions

Debtor may propose nonstandard provisions that modify the preprinted text of this form plan. All nonstandard plan provisions shall be on a separate piece of paper appended to this plan. Each nonstandard provision shall be identified by a section number beginning with section 7.01 and indicate which section(s) of the form plan are modified by the nonstandard provision. Nonstandard provisions placed elsewhere are void. The signatures below are certifications by Debtor and Debtor's attorney that this plan form has not been altered and that all nonstandard provisions are in section 7.

Dated: 9/8/18

_____
Jennifer Silva
Debtor

Dated:

_____
Debtor

Dated: 8/7/18

_____
Scott Lyons 103931
Debtor's Attorney

Software Copyright (c) 1996-2018 Best Case,LLC - www.bestcase.com                    Best Case Bankruptcy

Filed 10/03/18
Filed 08/08/18

Case 18-13252
Case 18-13252

Doc 28
Doc 2

# Additional Provisions

**7.01)** Arrearage dividend payments to BSI Financial Services, Inc. shall begin on month 11 of Debtor's Chapter 13 Plan so that Debtor's attorney fees can be paid in full first and shall be no less than $335.44 per month for months 11 through 60 of Debtor's Chapter 13 Plan. This provision relates to section 3.07, Class 1 of Debtor's Chapter 13 Plan.