Kristin Zilberstein, Esq. (200041)
Jennifer R. Bergh , Esq. (305219)
LAW OFFICES OF MICHELLE GHIDOTTI
5120 E. La Palma Ave. Ste. 206
Anaheim Hills, CA  92807
Tel: (949) 354-2601
Fax: (949) 200-4381
mghidotti@ghidottilaw.com

Attorneys for Secured Creditor
SRP 2014-15 LLC, its successors and assigns

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION

| | |
|---|---|
| In re:<br><br>Jennifer Silva,<br><br>　　　　　Debtor. | Case No.  18-13252<br><br>Chapter 13<br><br>**OPPOSITION OF SRP 2014-15 LLC, TO DEBTOR'S MOTION TO VALUE REAL PROPERTY, TREAT CLAIMS AS UNSECURED AND AVOID JUNIOR LIEN OF SRP 2014-15 LLC**<br><br>Honorable Fredrick E. Clement<br><br>Date: November 1, 2018<br>Time: 9:00 a.m.<br>Courtroom: 11<br>Place: U.S. Bankruptcy Court<br>　　　 2500 Tulare Street<br>　　　 Fresno, CA 93721 |

TO THE HONORABLE FREDRICK E. CLEMENT, UNITED STATES BANKRUPTCY JUDGE, THE DEBTOR, DEBTOR'S COUNSEL, THE CHAPTER 13 TRUSTEE, AND ALL INTERESTED PARTIES:

**COMES NOW,** Secured Creditor, SRP 2014-15 LLC (hereinafter "**Creditor**") and files the within Opposition to the Motion ("**Opposition**") of Debtor Jennifer Silva ( the "**Debtor**") to Value Real Property, Treat Claims as Unsecured and Avoid Junior Lien of SRP 2014-15 LLC (the "**Motion**").

## STATEMENT OF FACTS

1. On or about January 27, 2011, Debtor, for valuable consideration, made, executed and delivered to Bank of the Sierra, a Home equity Line Credit Agreement and Disclosure (the "**Note**") with an original credit limit in the amount of $78,210.56 (the "**Loan**").

2. Said Note is secured by a Deed of Trust ("**Deed of Trust**"), which encumbers the Property dated January 27, 2011 and recorded February 7, 2011, as Document No.: 2011-0007063 in the Official Records of Tulare County, California, naming Bank of Sierra, as the Beneficiary.

3. Thereafter all beneficial interests in the Deed of Trust were assigned by Assignment of Deed of Trust were assigned to SRP 2014-15 LLC.

4. Creditor holds all right, title and interest in the Note and Deed of Trust.

5. On or about August 8, 2018 Debtor filed a voluntary Petition under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court, Eastern District of California, Case No.: 18-13252 (the "**Instant Petition**").

6. On August 8, 2018, Debtor also filed a proposed Chapter 13 Plan in which Debtor intends to strip Creditor's lien and value Creditor's claim at $0.00.

7. On October 3, 2018, Debtor filed the instant Motion to Value.

8. Debtor represents that the value of the Property is $255,825.00.

11. Debtors represents that there is a senior lien encumbering the Property, however no senior lien holder has filed a Proof of Claim in this matter.

12. The deadline to file a Proof of Claim is October 17, 2018.

13. Creditor is in the process of obtaining an Appraisal to establish the value of the

Property as of August 8, 2018.

## ARGUMENT

### A. CREDITOR'S LIEN IS SECURED BY EQUITY IN REAL PROPERTY THAT IS THE DEBTOR'S PRINCIPAL RESIDENCE AND MAY NOT BE PROPERLY AVOIDED:

11 U.S.C. 506(a)(1) provides that a creditor has an allowed secured claim to the extent of the creditor's interest in the estate property, and an unsecured claim to the extent its claim exceeds the value. 11 U.S.C. Section 506(d) provides that, to the extent that the lien secures a claim against the debtors and it is not an allowed secured claim, such lien is void.

11 U.S.C. 1322(b)(2) provides that a plan may modify the rights of holders of secured claims, other than a claim secured by a security interest in real property that is the debtor's principal residence. However, where a creditor's claim, which is seemingly secured only by an interest in the debtor's primary residence, is determined to be entirely unsecured pursuant to 11 U.S.C. Section 506, the lien is void. *See* <u>In re Zimmer</u>. 313 E.3d 1220 (9th Cir. 2002). The reasoning stands under the 11 U.S.C. 1322(b)(2) that if the Court determines that the Creditor's lien is secured by <u>any equity</u> "in real property that is the debtor's principal residence" then creditor's lien may not properly be stripped.

Creditor is in the process of obtaining an Appraisal of the Property. Creditor asserts that the value of the Property exceeds the value owed to the senior lien holder. Creditor requests a continuance to obtain an appraisal of the Property.

## CONCLUSION

For each of the above reasons, Creditor requests that the Court:

1. Deny the Debtors' Motion in its entirety;

2. For a continuance of no less than 45 days for Creditor to obtain a valuation of the Property;

3. For such other and further relief as the Court may deem just and proper.

DATED: October 11, 2018 **LAW OFFICES OF MICHELLE GHIDOTTI**

By: /s/ Kristin Zilberstein, Esq.
KRISTIN ZILBERSTEIN, ESQ.
Attorney for Secured Creditor SRP 2014-15 LLC